McKinney, J.,
delivered tbe opinion of tbe Court.
On the 22d of November, 1854, an agreement in *545 ■writing, not under seal, was entered into between the parties, whereby Hunt — whose residence was at Spur-geon’s Mill, on the Holston river, in Sullivan county — agreed to deliver to Bryan at Chattanooga, on the Tennessee river — the place of residence of the latter — “five to six hundred barrels of Hour,” at a stipulated price: “one hundred or more barrels to be delivered on the first tide, and the balance to be delivered as soon as convenient between now and the 1st of June”
Part of the flour was delivered within the time stipulated ; and for the failure to deliver the remainder before “the 1st of June,” the present action was brought.
The defence is placed upon the ground that the delivery of the remainder of the flour was prevented by reason of the want of a sufficient tide in the Holston river.
The proof shows that immediately after the contract was completed and the written instrument signed by the parties, Hunt asked Bryan, “if there was no tide, would he expect him to deliver the flour?” To which Bryan replied, “he did not expect him to deliver it if there was no tide.”
The question for our consideration is in regard to the admissibility and effect of this evidence, which, though objected to by the plaintiff, was allowed to go to the jury, who rendered a verdict for the defendant.
It is a well-settled rule of the common law, independently of the statute of frauds, that where a contract has been reduced to writing, and is complete in its terms and free from ambiguity, verbal evidence is not allowed to be given of what passed between the parties, either before the written instrument was made or during the time it was in *546 a state of preparation, so as to add to or subtract from, or in any manner to vary or qualify the 'written , contract. The written instrument must be considered as containing the true agreement between the parties, and as furnishing the best evidence of their final intentions and acts. And this rule, excluding prior or contemporaneous stipulations or conversations, applies with no less force to simple contracts than to contracts by specialty. 4 Phill. on Ev., (ed. of 1849,) note 295.
But though all verbal negotiations and stipulations between the parties to a written agreement, anterior to or contemporaneous with the execution of the instrument, are in general to be regarded as merged in it, it is well settled that the rule has no application to stipulations or agreements made between the parties subsequent to the execution of the written instrument.
Agreements not by specialty, whether written or unwritten, are of the same grade and dignity in law, and are denominated simple contracts. Hence it follows, that to admit evidence of a subsequent parol agreement, for the purpose of showing an abandonment, discharge, or alteration of the terms of a previous written agreement not under seal, would not be to affect or dissolve the agreement by matter of an inferior nature. And therefore it is generally admitted that it is competent to the parties to an executory written contract not under seal, at any time before breach thereof, by a subsequent verbal agreement founded on a sufficient consideration, either to waive altogether or dissolve or annul the previous written agreement, or in any manner to add to, subtract from, or vary or qualify the stipulations of such agreement, and *547 thus to make a new or different contract. Chitty on Con., (ed. of 1848,) p. 107. 2 Phill. on Ev., 368, 364; 4 Phill. on Et., note 301.
Upon the principle announced, it is clear that the evidence of the subsequent conversation between the parties was admissible upon the question of fact — whether the parties, by a subsequent parol agreement, had altered or' modified the original written contract, either in its terms or legal effect. Of course, it is a question of fact whether or not the subsequent conversation furnishes sufficient evidence of an agreement to alter or modify the previous written contract.
Upon other questions discussed in the argument, we think it unnecessary to express an opinion. The case must -rest upon the point and be governed by the principle before stated. And as the charge of his Honor the Circuit Judge presents the case in a different aspect, and applies a different principle for its decision, the judgment must be reversed, and the case remanded for a new, trial.